# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELIZABETH CISCO,<br>　　　　　　Plaintiff<br><br>v.<br><br>THE CITY OF TRENTON; THE TRENTON<br>POLICE DEPARTMENT; OFFICER<br>ANTONIO WILKIE-GUIOT; LT. JASON<br>ASTBURY; DETECTIVE STEPHEN<br>SZBANZ; DETECTIVE JORGE MEJIA;<br>DETECTIVE ROBERT BALISTREIERI;<br>OFFICER CHELSEA QUINLAN; OFFICER<br>PAUL DANIELS; OFFICER WILLIAM<br>SALHANICK; OFFICER ANDREW<br>RIDOLOFI; OFFICER LUIS E. COSME;<br>TRENTON POLICE DIRECTOR SHEILAH<br>A. COLEY; and JOHN & JANE DOES (1-99),<br><br>　　　　　　Defendants. | : CASE NO.: 21:CV-7257<br>:<br>:<br>:<br>:<br>:<br>: 　　**COMPLAINT**<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

Plaintiff, Elizabeth Cisco, through her attorney Patrick J. Whalen, Esquire, by way of Complaint against Defendants, The City of Trenton, the Trenton Police Department, Officer Antonio Wilkie-Guiot, Lieutenant Jason Astbury, Detective Stephen Szbanz, Detective Jorge Mejia, Detective Balistreieri, Officer Chelsea Quinlan, Officer Paul Daniels, Officer William Salhanick, Officer Andrew Ridolfi, Officer Luis E. Cosme, Trenton Police and Director Sheila A. Coley, alleges as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

1. This case involves claims based upon violations of the United States Constitution, the United States Civil Rights Act, including violations of 42 U.S.C. §1983, as well as violations of the New Jersey Constitution and the New Jersey Civil Rights Act, and common law causes of action.

2. Specifically, Plaintiff assert that (a) Defendants unconstitutionally deprived her of and otherwise interfered with her First Amendment rights; (b) negligently and falsely arrested and/or seized her; and (c) subjected her to excessive and unreasonable force; and (d) maliciously prosecuted her in relation to these events.

## II. JURISDICTION

3.      Jurisdiction over Plaintiff's claims is conferred on this Court pursuant to Title 42 U.S.C. §1983 and Title 28 U.S.C. §§1339 and 1343(a).  This Court has supplemental jurisdiction over the State law claims pursuant to Title 28 U.S.C. §1367(a).

## III. VENUE

4.      Venue in this District is proper, pursuant to 28 U.S.C.A. § 1391, because Plaintiff resides in Mercer County and certain unconstitutional acts, practices, and misconduct occurred within this District.

## IV. RELIEF SOUGHT

5.      This action seeks money damages, punitive and exemplary damages, attorney's fees, and costs.

## V. PARTIES

6.      Plaintiff is a resident of the City of Trenton, New Jersey.

7.      At all times relevant to this Complaint, Defendant Officer Antonio Wilkie-Guiot was employed by the Trenton Police Department.  He is being sued in both his individual and official capacity.

8.      At all times relevant to this Complaint, Defendant Lieutenant Jason Astbury was employed by the Trenton Police Department.  He is being sued in both his individual and official capacity.

9.      At all times relevant to this Complaint, Defendant Detective Stephen Szbanz was employed by the Trenton Police Department.  He is being sued in both his individual and official capacity.

10.      At all times relevant to this Complaint, Defendant Detective Jorge Mejia was employed by the Trenton Police Department   He is being sued in both his individual and official capacity.

11.     At all times relevant to this Complaint, Defendant Detective Robert Balistreieri was employed by the Trenton Police Department   He is being sued in both his individual and official capacity.

12.     At all times relevant to this Complaint, Defendant Officer Chelsea Quinlan was employed by the Trenton Police Department.  She is being sued in both her individual and official capacity.

13.     At all times relevant to this Complaint, Defendant Officer Paul Daniels was employed by the Trenton Police Department   He is being sued in both his individual and official capacity.

14.     At all times relevant to this Complaint, Defendant Officer William Salhanick was employed by the Trenton Police Department   He is being sued in both his individual and official capacity.

15.     At all times relevant to this Complaint, Defendant Officer Andrew Ridolfi was employed by the Trenton Police Department   He is being sued in both his individual and official capacity.

16.     At all times relevant to this Complaint, Defendant Luis E. Cosme was employed by the Trenton Police Department   He is being sued in both his individual and official capacity. Upon information and belief, Defendant Cosme has retired from the Trenton Police Department.

17.     At all times relevant to this Complaint, Defendant Trenton Police Director Sheilah Coley, was employed by the TPD.  She is being sued in both her individual and official capacities. Defendant Trenton Police Director Sheilah Coley was at all times relevant to this Complaint, responsible for the actions engaged in by the individual Defendant Officers (Wilkie-Guiot, Astbury, Szbanz, Balistreieri, Mejia, Quinlan, Daniels, Salhanick, Ridolfi, and Cosme).  Defendant Coley was also responsible for the hiring, supervision, training and retention of police officers in the City of Trenton and was the employer and principal of the Individual Defendants named herein.

3

18.     Defendant the Trenton Police Department ("TPD") was at all times relevant herein a policymaking agency/department of the City of Trenton, organized under the laws of the State of New Jersey.  It was responsible for enforcing all criminal laws of the State of New Jersey and criminal municipal ordinances of the City of Trenton, as well as for the hiring, supervision, training and retention of police officers in the City of Trenton and all other respective duties of a municipal law enforcement agency.  At all times relevant herein, Defendant TPD was the employer and principal of the Individual Defendants named herein.  For the purposes of all causes of action pleaded herein under N.J.S.A. 10:6-2, *et seq.,* Defendant TPD is a person under law.

19.     Defendant City of Trenton was at all times relevant herein a municipal corporation organized under the laws of the State of New Jersey and was the jural entity responsible for all actions arising in Defendant TPD. At all relevant times herein, Defendant City of Trenton was the principal for Defendant TPD and the Individual Defendants.  For the purposes of all causes of action pleaded herein under N.J.S.A. 10:6-2, *et seq*., Defendant City of Trenton is a person under law.

20.     John and Jane Does 1-99 were past and present supervisors, policy makers, Officers, employees and/or agents of the TPD, and/or any other law enforcement agency involved in the unconstitutional misconduct described herein, who acted individually and under color of state law, including the statutes, regulations, policies, customs and usages of the City of Trenton and State of New Jersey at all times relevant herein.

21.     At all times mentioned herein, Defendants, Officer Anthony Wilkie-Guiot, Lt. Jason Astbury, Detective Robert Balistreieri, Officer Chelsea Quinlan, Officer Paul Daniels, Offier William Salhanick, Officer Andrew Ridolfi, Officer Luis E. Cosme, Detective Jorge Mejia, Detective Stephen Szbanz, and John and Jane Does (1-99) were acting within the scope of their duties and employment, under color of state law, as Officers of the TPD, the City of Trenton, State of New Jersey.

22.     The phrase "Individual Defendant Officer/Officers" or "Officer/Officers" herein will include the actual named Individual Defendant Officers listed in Paragraph 21 above, as well as the John/Jane Does Defendants.

## GENERAL BACKGROUND

23.     During the pertinent time period, Plaintiff was employed at the Championship Bar, located at 931 Chambers Street in the City of Trenton. She had been employed there for approximately 3-4 years.

24.     On or about March 31, 2019, Plaintiff was at the Championship Bar; not as an employee, but as a patron.

25.     At approximately 2:00 a.m., there was an unmarked police car that had stopped outside the Bar.

26.     Around that same time, the bar was just about to close for the night and Plaintiff was still inside the Bar talking with her co-workers.

27.     A few people came inside the Bar and advised that there was a commotion outside involving the Police roughing up and arresting people outside of the Bar.

28.     When Plaintiff heard that news, she decided to leave the Bar to see for herself what was happening.

29.     Plaintiff stepped outside of the Bar and started to record the events on her cell phone, as was her Constitutional right to do so.

30.     There were many Police cars and Officers outside of the Bar.

31.     While videotaping on her cell phone, Plaintiff captured a man being arrested and shoved into the back of a Police vehicle.

32.     Plaintiff asked Defendant Jason Astbury why the man was being arrested.

33.     Defendant Jason Astbury rudely responded to her as follows: "*I don't know, I wasn't here dummy.*"

34.    Plaintiff then started asking other Police Officers why the individuals were being arrested.

35.    Eventually, she was told, quite candidly, by Defendant Officer Chelsea Quinlan that the reason for their arrest was: "[Because] he *was talking shit to the cops*".  In other words, the TPD Defendants were arresting one of the individuals because of the words he said.

36.    Shortly after hearing that, Plaintiff moved back toward the entrance of the Bar.

37.    Not long after moving closer to the front of the Bar, while Plaintiff was standing there, another arrest started taking place directly in front of her of a third individual.

38.    Plaintiff was still recording the events on her cell phone, including this arrest.

39.    Suddenly, Defendant Officer Antonio Wilkie-Guiot approached Plaintiff in a hostile manner, and without justification, ripped Elizabeth's phone out of her hand.

40.    Plaintiff instinctively attempted to grab her cell phone back from Defendant Officer Wilkie-Guiot, at which point, she was quickly swarmed by several other Officers, including Defendant Officer Quinlan, and Defendant John/Jane Does #1-5, who slammed Elizabeth up against the wall and then onto the sidewalk.

41.    It is anticipated that, during the Discovery phase, Defendants will be able to provide Plaintiff with the identities of these other fellow TPD Officers (John & Jane Does #1-5).

42.    Further, the Defendant Police Officers' Body Worn Camera footage should readily assist in identifying those Officers involved in the use of excessive force against Plaintiff and her false arrest.

43.    Plaintiff's eyeglasses were broken in the process of being slammed onto the ground face first.

44.     Multiple Officers were involved in this unjustifiable and aggressive seizure of the Plaintiff, including Defendant Officer Wilkie-Guiot, who kept pushing Elizabeth's face into the sidewalk.

45.     As a result of the above described excessive, unreasonable, and unconstitutional force, Plaintiff was injured.

46.     Plaintiff suffered a blackened left eye, a partial blackened right eye, a significant open wound above her left eye, significant cuts and contusions to both of her arms and legs.

47.     There was absolutely no justification for the use of excessive force upon the Plaintiff. Indeed, there was no justification for the use of any force against the Plaintiff.

48.     Plaintiff Elizabeth Cisco was then falsely arrested and charged with Resisting Arrest 2C:33-1b and Failure to Disperse 2C:29-2a.

49.     There was absolutely no justification for arresting Plaintiff Elizabeth Cisco.

50.     To justify the above described unconstitutional misconduct, the Trenton Police Defendants issued baseless and false charges against Elizabeth.

51.     Specifically, they charged Plaintiff with resisting arrest, even though Defendant Officer Wilkie-Guiot went after Plaintiff first and violently ripped the cell phone out of her hand, for absolutely no reason other than her filming the events.

52.     The Trenton Police Defendants also charged Plaintiff with Failure to Disperse, when not one Officer ever ordered Plaintiff to disperse.

53.     Again, Defendant Wilkie-Guiot, without provocation, headed straight for Plaintiff to unjustifiably take away her cell phone.

54.      As a result of the baseless charges, Plaintiff was maliciously prosecuted by the Trenton Police Defendants.

55.     Indeed, it took fourteen (14) months (May 26, 2020) and numerous Court appearancs to dispose of the two municipal court charges.

56.     Ultimately, they were dismissed due to the Trenton Police Defendants' failure to provide relevant and material discovery that the Trenton Municipal Court had ordered to be produced.

**COUNT ONE**
**VIOLATIONS OF THE FIRST AMENDMENT**
**VIOLATION OF ARTICLE I, PARAGRAPH 6 OF THE NEW JERSEY CONSTITUTION**
**AND THE NEW JERSEY CIVIL RIGHTS STATUTE N.J.S.A. 10:6-2(a)&(b)**

57.     Plaintiff repeats each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

58.     The illegal and unconstitutional acts of the Trenton Police Defendants, including in particular Defendant Officer Wilkie-Guiot, constituted acts and a custom and/or policy to interfere with Plaintiff's First Amendment rights in violation of her protected constitutional rights under the U.S. Constitution and New Jersey State Constitution, including, but not limited to, Article I, §6 (Freedom of Speech), and §18 (Freedom of Assembly).

59.     Plaintiff Elizabeth Cisco has a constitutionally protected right under the First Amendment and Article I, Paragraph 6 of the New Jersey State Constitution to receive and record information and to gather information for later dissemination.

60.     Defendants, under color of state law, deprived Plaintiff Elizabeth Cisco of her rights, privileges and immunities secured by the Constitution or laws of the State of New Jersey, or Constitution or laws of the United States by, among other things:

(a)     Denying Plaintiff Elizabeth Cisco her constitutional right to freely assemble and the free exercise of speech;

(b)     Engaging in a pattern of unlawful and unconstitutional conduct designed to thwart the right of Plaintiff and others to lawfully and peacefully engage in First Amendment activities, to ask reasonable questions, record police conduct, and/or assemble.  Said unlawful and unconstitutional conduct includes acts of intimidation, harassment, and unlawful use of force;

8

(c)     Denying Plaintiff her constitutional right to be secure in her person and be free from unreasonable searches, seizures, arrest and detention;

(d)     Seizing and arresting Plaintiff without probable cause;

(e)     Falsely imprisoning Plaintiff;

(h)     Failing to correct the unconstitutional practices of subordinates;

(i)     Failing to supervise/control subordinates;

(j)     Failing to train subordinates; and

(k)     Implicitly and/or expressly teaching, encouraging, and condoning a pattern, practice and policy of the use of intimidation and harassment to disrupt and abridge the First Amendment rights of Plaintiff and others.

61.     Defendants interfered with or attempted to interfere with, by threats, intimidation, and coercion, Plaintiff Elizabeth Cisco's exercise and/or enjoyment of the substantive rights, privileges and immunities secured by the Constitution or laws of the State of New Jersey, or Constitution or laws of the United States.

62.     These threats unlawfully restrained Plaintiff from exercising her constitutional First Amendment rights.

63.     Each Individual Defendant was acting, at all relevant times, in furtherance of his duty to his employer, Defendant TPD.  Defendants TPD and City of Trenton are also liable for this unlawful, tortious and unconstitutional conduct under the doctrine of *respondeat superior* liability.

64.     The above acts constitute a violation of the New Jersey Civil Rights Statute, 10:6-2, as a violation of one's civil and constitutional rights under color of state law.

65.     Plaintiff's First Amendment rights have been generally, and without justification, violated by Defendants' threats to prevent and actual prevention of that right.

66.     Defendants' threats to prevent and actual prevention of Plaintiff exercising her First Amendment rights, also, in the alternative, constitute an impermissible content-based prior restraint of

Plaintiff's constitutionally protected expression based upon the anticipated content of such an expression.

67.     This case arises out of a series of abusive police efforts to bully, intimidate, and unlawfully arrest a citizen in order to prevent her from exercising her Constitutional rights to video record activities in public and the activities of public officials, specifically Police Officers, all of which represent significant interests to the public.

68.     The Individual Defendant Officers, including Defendants Wilkie-Guiot, Astbury, Szbanz, Mejia, Balistreieri, Quunlan, Daniels, Salhanick, Cosme, Ridolfi, and John & Jane Does 1-5, had a duty to intervene and put a stop to the unconstitutional misconduct described above.

69.     These Individual Defendants failed to intervene and breached that duty, thereby, promoting, condoning, acquiescing in, and participating in that unconstitutional misconduct themselves.

70.     These Defendants have thereby also violated the U.S. Constitution and the New Jersey Constitution.

71.     Accordingly, the actions of Defendants, under current federal and state law, violated Plaintiff's First Amendment Rights under the New Jersey and United States Constitution and such violations are likely to continue unless enjoined by this Court.

72.     As a proximate result of the aforementioned acts, Plaintiff has been damaged, including violation of her civil rights, and has suffered mental distress and anguish and other proximately caused damages.

73.     By reason of the unlawful and unconstitutional First Amendment violations, as well as the other unconstitutional conduct described above, engaged in by the aforementioned Defendants, Plaintiff was required to and did employ legal counsel to ensure protection and redress for the deprivation of her civil rights.

74.     As a direct and proximate result of the actions of said Defendants, Plaintiff has and will continue to suffer damages, pain and suffering, and mental anguish, as well as property damage.

**COUNT TWO**
**FALSE ARREST/FALSE IMPRISONMENT/UNREASONABLE FORCE**
**(United States Constitution, United States Civil Rights Act 42 U.S.C. §1983,**
**New Jersey Constitution and New Jersey Civil Rights Act)**

75.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

76.     The above-described conduct of the Defendant Officers constitutes unreasonable and/or excessive force in violation of the United States Constitution, the New Jersey Constitution, the United States Civil Rights Act 42 U.S.C. §1983, and the New Jersey Civil Rights Act, N.J.S.A 10:6-1, *et. seq.*

77.     The use of such unreasonable and/or excessive force by the Individual Defendant Officers, acting under color of state law, deprived Plaintiff of her right to be secure in her person against unreasonable seizure of her person in violation of the United States Constitution, the New Jersey Constitution, the United States Civil Rights Act 42 U.S.C. §1983, and the New Jersey Civil Rights Act, N.J.S.A 10:6-1, *et. seq*.

78.     In particular, the Individual Defendant Officers' actions violated the Fourth Amendment to the United States Constitution, as well as the Plaintiff's procedural and substantive due process rights.

79.     The actions of the Individual Defendant Officers, acting under color of state law, deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the State of New Jersey, in particular, Article I, Paragraph 7, which provides that:

> *"The right of the people to be secure in their persons, houses, papers, and*
> *effects, against unreasonable…seizures, shall not be violated. . ."*

80.     The actions of the Individual Defendant Officers, acting under color of state law, deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the State of New Jersey, in particular Article I, Paragraph 1, which provides that:

> "*All persons are by nature free and independent, and have certain natural and unalienable rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing, and protecting property, and of pursuing and obtaining safety and happiness.*"

81.     As a direct and proximate result of the Individual Defendant Officers' actions, Plaintiffs was arrested and held in custody without just and probable cause.

82.     The Individual Defendant Officers lacked probable cause to arrest, seize and/or imprison Plaintiff.

83.     At no time during the entire encounter did Plaintiff Elizabeth Cisco commit any offense against the laws of the State of New Jersey for which an arrest may lawfully be made.

84.     There was no legal justification for the Plaintiff's seizure, arrest or incarceration.

85.     The Individual Defendant Officers, including Defendants Wilkie-Guiot, Astbury, Szbanz, Mejia, Balistreieri, Quunlan, Daniels, Salhanick, Cosme, Ridolfi, and John & Jane Does 1-5, had a duty to intervene and put a stop to the unconstitutional misconduct described above.

86.     These Individual Defendants failed to intervene and breached that duty, thereby, promoting, condoning, acquiescing in, and participating in that unconstitutional misconduct themselves.

87.     These Defendants have thereby also violated the U.S. Constitution and the New Jersey Constitution.

88.     By reason of the unlawful and unconstitutional use of unreasonable and excessive force against Plaintiff, as well as the other unconstitutional conduct described above, engaged in by the aforementioned Individual Defendant Officers, Plaintiff was required to and did employ legal counsel to ensure protection and redress for the deprivation of her civil rights.

89.     The acts and omissions of the Individual Defendant Officers, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

**COUNT THREE**
**POLICYMAKER AND/OR SUPERVISOR LIABILITY**
**Under the Federal Civil Rights Act 42 U.S.C. §1983,**
**The New Jersey Constitution and New Jersey Civil Rights Act)**
**(Deliberate Indifference)**

90.     Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

91.     The allegations of this Count are directed primarily at Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99.

92.     Because of the surrounding circumstances, these Defendants were obligated to instruct, supervise, control, and discipline the Individual Defendant Officers and should have had the knowledge that the wrongs done were about to be committed.

93.     Acting under color of law and pursuant to official policy, practice, or custom, Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99 intentionally, knowingly, and recklessly failed to instruct, supervise, control, and discipline, on a continuing basis, the Individual Defendant Officers as to correct procedures and to refrain in their duties from the unlawful use of excessive/unreasonable force, from violating citizens' Fourth and Fourteenth Amendment rights, and from the misuse of police authority.  The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

94.     Acting under color of law and pursuant to official policy, practice, or custom, Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99 had knowledge or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline the Individual Defendant Officers, should have known that the above-described wrongs were about to be committed.  They had the power to prevent or aid in the prevention of said wrongs and could have done so with reasonable diligence and intentionally, knowingly, or recklessly failed or refused to do so.

95.     Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99, as a matter of policy, practice, or custom, have with deliberate indifference failed to adequately discipline, train or otherwise direct TPD Officers concerning the rights of citizens, thereby causing the Individual Defendant Officers to engage in the unlawful conduct described above.

96.     Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99 have allowed and continue to allow incidents such as this to occur unchecked.

97.     Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99, with respect to discipline, created, encouraged, and condoned an atmosphere of the use of unreasonable force, unreasonable seizure and general misconduct.  This constituted a deliberate indifference or tacit authorization of such conduct.

98.     Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99, as a matter of policy, practice, or custom, have with deliberate indifference failed to properly sanction or discipline the Individual Defendant Officers for violations of the constitutional rights of citizens, thereby condoning and acquiescing in his unconstitutional and unlawful conduct.

99.     Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99, as a matter of policy, practice, or custom, have with deliberate indifference failed to sanction or discipline the Individual Defendant Officers, thereby causing and encouraging the Individual Defendant Officers to engage in unlawful conduct.

100.    Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99 99, directly or indirectly, under color of law, approved and/or acquiesced in the unlawful, deliberate, malicious, reckless, wanton conduct of the Individual Defendant Officers heretofore described.

101.    The unconstitutional conduct would not have occurred had Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99 undertaken such instructive, disciplinary or corrective action as to the Individual Defendant Officers,

102.    All of the unconstitutional acts described above are also actionable under the New Jersey Civil Rights Act and the New Jersey Constitution.

103.    By reason of the unconstitutional conduct engaged in by the Defendants, described above, Plaintiff was required to and did employ legal counsel to ensure protection and redress for the deprivation of her civil rights.

104.    As a direct and proximate result of the actions of said Defendants, Plaintiff has, and will continue, to suffer damages, pain and suffering, and mental anguish, as well as economic and financial losses.

## COUNT FOUR
### NEGLIGENT SCREENING, HIRING, TRAINING, SUPERVISING DISCIPLINING AND RETENTION OF POLICE OFFICERS UNWILLING TO RESPECT AND ENFORCE THE CONSTITUTION

105.    Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

106.    Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99  were negligent in screening, hiring, training, supervising, disciplining and retaining the Individual Defendant Officers who they knew or should have known was a Police Officer unable or unwilling to respect and enforce the Constitutional rights of the County's citizens.

107.    Defendants COT, TPD, TPD Director Sheilah A. Coley, and John/Jane Does 1-99 are liable for the aforesaid acts both under the doctrine of *respondeat superior* and because they permitted conditions to exist which facilitated and/or permitted such conduct to occur.

108.    As a proximate result of the above mentioned acts, Plaintiff has been damaged and has had her Constitutional rights interfered with.

**COUNT FIVE**
**MALICIOUS PROSECUTION**

109.    Plaintiff repeats each and every allegation contained in the foregoing paragraphs as if set forth at length herein.

110.    Plaintiff was charged with Resisting Arrest 2C:33-1b and Failure to Disperse 2C:29-2a.

111.    The aforementioned criminal charges were improperly issued by the Defendants. Specifically, these Defendants lacked reasonable or probable cause for these charges.

112.    Fourteen months later, on May 26, 2020, after numerous Court appearances, the baseless charges against Plaintiff were dismissed by the State.

113.    Ultimately, they were dismissed due to the Trenton Police Defendants' failure to provide relevant and material discovery that the Trenton Municipal Court had ordered to be produced

114.    As a proximate result of the aforementioned acts, Plaintiff has been damaged, including violation of her civil rights, and has suffered mental distress and anguish and other proximately caused damages.

115.    The acts and omissions of the Defendants, as set forth above, were intentional, wanton, malicious, and oppressive, thus entitling Plaintiff to an award of punitive damages.

**COUNT SIX**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

116.    Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

117.    As set forth more fully above, Defendants engaged in intentional and outrageous conduct.  Defendants' conduct was extreme and outrageous.

118.    Defendants intended to engage in this conduct and also intended to cause Plaintiff emotional distress. Defendants' acts were malicious, vindictive, and mean-spirited.

119.   Defendants' willful misconduct reflected a gross and wanton disregard of the rights of Plaintiff.

120.   Defendants' extreme and outrageous conduct toward Plaintiff was performed in deliberate disregard of the high degree of probability that emotional distress of Plaintiff would follow.

121.   As a direct and proximate result of the Defendants' intentional wrongful acts and omissions, Plaintiff suffered serious injuries, including substantial emotional, and mental anguish, humiliation, and embarrassment, as well as economic damages.

122.   As a result of Defendants' malicious and intentional misconduct, Plaintiff is entitled to recover punitive damages.

**COUNT SEVEN**
**NEGLIGENCE AND STATE COMMON LAW CAUSES OF ACTION**

123.   Plaintiff repeats each and every allegation contained in the preceding paragraphs as if set forth at length herein.

124.   Plaintiff brings this action under the New Jersey Tort Claims Act, N.J.S.A. 59:1-1, *et seq.*, for money damages.

125.   The acts and conduct of the Defendants alleged above constitute assault and battery, unreasonable force, intentional infliction of emotional distress, outrageous conduct, negligence, gross negligence, and negligent hiring, retention and supervision under the laws of New Jersey.

126.   The negligence, carelessness and recklessness of the Defendants constituted a departure from accepted police practices, constituted a breach of the duties owed to the Plaintiff, and were the proximate cause of the injuries suffered by the Plaintiff.

127.   Plaintiff filed a timely Notice of Claim for damages in the form prescribed by N.J.S.A. 59:8-1, *et seq.*, by serving same by mail upon the City of Trenton and the Trenton Police Department, as well as the County of Mercer, on July 8, 2020, pursuant to the NEW JERSEY TORT CLAIMS ACT, N.J.S.A. 59:1-1 *et. seq.*

17

128.     More than six months have passed since the service of Plaintiff's Notice of Claim and her claims remain unsatisfied.

129.     Defendants were negligent in their acts and omissions described above.

130.     Defendants were in a position of authority to prevent the misconduct of their subordinates at the TPD.

131.     Defendants The COT, TPD, TPD Director Sheilah A. Coley, and John & Jane Does 1-99, negligently failed to instruct, supervise, control, and discipline, on a continuing basis, Defendants: Officer Antonio Wilkie-Guiot, Lieutenant Jason Astbury, Detective Stephen Szbanz, Detective Jorge Mejia, Detective Balistreieri, Officer Daniels, Officer Quinlan, Officer Cosme, Office Salhanick, Officer Ridolfi, and John & Jane Does 1-99 (Unknown Officers), in their duties from unlawfully and maliciously assaulting, beating, and harassing private citizens, such as Plaintiff, and otherwise using unreasonable and excessive force.  The allegations in this paragraph are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

132.     Defendants The COT, TPD, TPD Director Sheilah A. Coley, and John &/Jane Does 1-99, as a matter of policy, practice, or custom, have negligently failed to adequately discipline, train, or otherwise direct Defendants: Officer Antonio Wilkie-Guiot, Lieutenant Jason Astbury, Detective Stephen Szbanz, Detective Jorge Mejia, Detective Balistreieri, Officer Daniels, Officer Quinlan, Officer Cosme, Office Salhanick, Officer Ridolfi, and John & Jane Does 1-99 (Unknown Officers), concerning the rights of private citizens and have negligently failed to properly sanction or discipline the Defendants Officer Antonio Wilkie-Guiot, Lieutenant Jason Astbury, Detective Stephen Szbanz, Detective Jorge Mejia, Detective Balistreieri, Officer Daniels, Officer Quinlan, Officer Cosme, Office Salhanick, Officer Ridolfi, and John & Jane Does 1-99 (Unknown Officers), for violations of the State constitutional rights of citizens, thereby causing the individual Defendant Police Officers in this case to engage in the unlawful conduct described above.

133.    Defendants had the authority to prevent or avoid the commission of the wrongs described above, could have done so by reasonable diligence, and neglected or refused to do so.

134.    Defendants had the authority and were required by the laws and statutes of the State of New Jersey, to exercise due diligence with respect to the investigation process and Plaintiff's wrongful arrest, however, said Defendants negligently failed to perform said duties as required by law.

135.    As a direct and proximate result of Defendants' actions, Plaintiff suffered and continue to suffer serious mental anguish, psychological and emotional stress, humiliation, physical pain and suffering, bodily injury with physical manifestations, some or all of which may be permanent.

## COUNT EIGHT
## VIOLATION OF THE NEW JERSEY CONSTITUTION

136.    Plaintiff repeats, realleges, and reaffirms the foregoing paragraphs of this Complaint as though fully set forth at length herein.

137.    By virtue of the foregoing, the TPD Defendants deprived Plaintiff of various rights protected by the New Jersey State Constitution, Article 1,¶1, including, but not limited to:

  a.   the right to personal security;

  b.   the right to protection from harm; and

  c.   the right not to be harmed physically, emotionally, or otherwise.

138.    Plaintiff contends that the acts and omissions of the Defendants resulted in violations of the New Jersey New Jersey State Constitution.  Defendants' misconduct included, but is not limited to:

  (a) the use of excessive and/or unreasonable force;
  (b) unreasonable seizure and arrest;
  (c) Bystander Officer Liability; and
  (d) Supervisory Liability.

139.    The New Jersey Constitution guaranteed Plaintiff the right to be free from being exposed to excessive or unreasonable force, and from unreasonable or unwarranted seizures.

140.    The New Jersey Constitution also protected Plaintiff's free speech activities, including the video recording of police activities, and also prohibited false arrest and malicious prosecution.

141.    As set forth above, the TPD Defendants, acted under the color of law and with deliberate indifference, so as to deprive Plaintiff of hre constitutional rights and privileges protected under the New Jersey Constitution.

142.    The Individual Defendant Officers, including Defendants Wilkie-Guiot, Astbury, Szbanz, Mejia, Balistreieri, Quunlan, Daniels, Salhanick, Cosme, Ridolfi, and John & Jane Does 1-5, had a duty to intervene and put a stop to the unconstitutional misconduct described above.

143.    These Individual Defendants failed to intervene and breached that duty, thereby, promoting, condoning, acquiescing in, and participating in that unconstitutional misconduct themselves.

144.    These Defendants have thereby also violated the U.S. Constitution and the New Jersey Constitution.

145.    As a direct and proximate cause of the TPD Defendants' aforesaid acts of negligence, misconduct and omissions, Plaintiff sustained a loss of Constitutional Rights and Privileges, including but not limited to the right to be free from harm and abuse.

146.    As a direct and proximate result of the negligence and/or misconduct of the TPD Defendants, Plaintiff suffered physical and emotional injuries, considerable pain, anguish and suffering and permanent injuries, and conscious pain and suffering.

## **RELIEF**

**WHEREFORE**, Plaintiff seeks relief against the Defendants, including, but not limited to:

A)      An award of compensatory damages, punitive damages, and/or in the alternative, nominal damages, which are allowed by statutes pleaded herein or as permitted by common law, as well as any interest and costs of suit;

B)      An award of reasonable attorneys' fees and costs of Court which are allowed by statutes pleaded herein or as permitted by common law, and interest thereon; and

C)      Any other award and equitable relief allowed by statute, pursuant to the ethical and just power of the Court, to which Plaintiffs are entitled.

PATRICK J. WHALEN, ESQUIRE

By:    *s/Patrick J. Whalen, Esquire*
Attorney for Plaintiff

Dated:  March 30, 2021

## JURY DEMAND

Pursuant to Rule 30(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands trial by jury as to all issues herein presented.

PATRICK J. WHALEN, ESQUIRE

By:    *s/Patrick J. Whalen, Esquire*
Attorney for Plaintiff

Dated:  March 30, 2021

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designated Patrick J. Whalen, Esquire as trial counsel in the above-referenced matter.

PATRICK J. WHALEN, ESQUIRE

Dated: March 30, 2021

By: *s/Patrick J. Whalen, Esquire*
Attorney for Plaintiff

## CERTIFICATION UNDER LOCAL RULE 11.2

I hereby certify that the matter in controversy in the within Complaint is not the subject of any other action pending in any other Court or of any arbitration proceeding. Criminal Charges were filed by the Defendants against the Plaintiff, but they have been dismissed. No other action or arbitration proceeding regarding this matter is contemplated by Plaintiff. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

PATRICK J. WHALEN, ESQUIRE

By: *s/Patrick J. Whalen, Esquire*
Attorney for Plaintiff

Dated: March 30, 2021